1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CHARLES QUICK,                              Case No.  1:25-cv-00037-BAM

12            Plaintiff,                         ORDER VACATING AUGUST 22, 2025
                                                 HEARING
13       v.
                                                 ORDER GRANTING PLAINTIFF'S MOTION
14  CENTRES VILLA LIMITED                         FOR LEAVE TO FILE FIRST AMENDED
    PARTNERSHIP, et al.,                          COMPLAINT
15
            Defendants.                           (Doc. 33)
16

17        Plaintiff Charles Quick asserts that defendants violated the Americans with Disabilities

18  Act and California law for the failure to remove barriers to access at the Sunflower Marketplace

19  shopping center in Fresno, California.  Currently before the Court is Plaintiff's motion for leave

20  to file a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a).  (Doc. 33.)

21  The time for any opposition to the motion has expired, and no oppositions have been filed.  L.R.

22  230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and

23  served no later than fourteen (14) days after the motion was filed.").

24        In the absence of any opposition, the matter is deemed submitted on the current record,

25  and the hearing set for August 22, 2025, is VACATED.  L.R. 230(g).  Having considered the

26  moving papers, along with the record in this case, Plaintiff's motion for leave to file a first

27  amended complaint will be granted.

28  ///

                                                 1

1

**DISCUSSION**

2

**A. Motion for Leave to File Amended Complaint**

3      By the instant motion, Plaintiff seeks to allege all barriers to Plaintiff's access, as well as

4   to name an additional defendant, CX Sunflower, LLC.  (Doc. 33-1 at 1-2.)  As to the alleged

5   barriers to access, Plaintiff explains that he did not learn of all the alleged barriers that relate to

6   his disability until a site inspection was conducted on May 14, 2025, and he received his

7   consultant's written findings.  (Doc. 33-1 at 4.)  As to the additional party, Plaintiff explains that

8   he only recently learned of this allegedly responsible property through information obtained from

9   Defendants' written discovery responses.  (*Id.*)

10

**B. Legal Standard**

11      Plaintiff timely filed his motion seeking leave to amend on July 18, 2025, consistent with

12   the Scheduling Conference Order deadline to file stipulated amendments or motions to amend the

13   pleadings.  (*See* Doc. 21 [Amendment to Pleadings: July 18, 2025]).  Plaintiff's motion is

14   therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the

15   pleadings.  *Bencomo v. County of Sacramento*, No. 2:23-cv-00440-DAD-JDP, 2024 WL 382381,

16   at *1 (E.D. Cal. Jan. 31, 2024) ("Rule 15 of the Federal Rules of Civil Procedure governs

17   amendments to pleadings when the deadline for amendments in the pretrial scheduling order had

18   yet to pass at the time the motion for leave to amend was filed . . . ."); *cf. Coleman v. Quaker*

19   *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a)

20   liberally allows for amendments to pleadings. In this case, however, the district court correctly

21   found that it should address the issue under Federal Rule of Civil Procedure 16 because it had

22   filed a pretrial scheduling order that established a timetable for amending the pleadings, and the

23   deadline had expired before [plaintiffs] moved to amend."); *Johnson v. Mammoth Recreations,*

24   *Inc.,* 975 F.2d 604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling

25   order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16).

26      Rule 15(a) provides that a court "should freely give leave [to amend] when justice so

27   requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

28      [i]n the absence of any apparent or declared reason—such as undue delay, bad

1
2
3

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

4   *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the

5   merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,

6   649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

7   pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979

8   (9th Cir. 1981).

9       Courts consider five factors in determining whether justice requires allowing amendment

10  under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of

11  amendment, and whether the plaintiff has previously amended the complaint." *Johnson v.*

12  *Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815,

13  845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th

14  Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long

15  been held to be the most critical factor in determining whether to grant leave to amend.

16  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and

17  others have held, it is the consideration of prejudice to the opposing party that carries the greatest

18  weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the

19  opposing party is the most important factor.").  Absent prejudice, or a strong showing of any of

20  the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.

21  *Eminence Capital,* 316 F.3d at 1052.

22      **C.  Analysis**

23      In considering the relevant factors, the Court finds that leave to file a first amended

24  complaint should be granted.  First, there is no indication of undue delay.  Plaintiff timely filed

25  his motion for leave to amend prior to the expiration of the deadline for amendment of pleadings.

26  Further, the proposed amendments are based upon information obtained after the filing of

27  Plaintiff's initial complaint, either through the site inspection conducted on May 14, 2025, or

28  through written discovery responses received during discovery.  (Doc. 33-1; Doc. 33-2,

1  Declaration of Tanya E. Moore ¶¶ 2, 3.)

2      Second, there will be little prejudice to Defendants in permitting the amendment. The

3  case is still in the early stages of discovery, with a non-expert discovery deadline of December

4  19, 2025, an expert discovery deadline of March 27, 2026, and a trial date of January 26, 2027.

5  (*See* Doc. 32.) Defendants have not opposed the motion on any basis, including prejudice.

6      Third, there is no indication that amendment is futile. Plaintiff argues that amendment

7  would permit Plaintiff to include a full list of barriers Plaintiff is entitled to have removed and all

8  responsible parties to allow Plaintiff to achieve complete relief through this action. Defendants

9  have not opposed the motion on futility grounds.

10      Fourth, and finally, there is no indication that the amendment is brought in bad faith, and

11  Plaintiff has not previously amended the complaint.

12                          **CONCLUSION AND ORDER**

13      For the reasons discussed above, IT IS HEREBY ORDERED that:

14      1.  Plaintiff's motion for leave to file a first amended complaint (Doc. 33) is GRANTED.

15      2.  Within five (5) court days, Plaintiff shall file the First Amended Complaint, a redlined

16          copy of which was attached as Exhibit A to the Declaration of Tanya E. Moore filed in

17          support of the motion.

18      3.  Defendants shall file an answer or other responsive pleading in compliance with the

19          Federal Rules of Civil Procedure and any relevant Local Rules following service of

20          the First Amended Complaint.

21

22  IT IS SO ORDERED.

23      Dated:   **August 5, 2025**            /s/ *Barbara A. McAuliffe*
24                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

4