UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES QUICK,<br><br>        Plaintiff,<br><br>     v.<br><br>CENTRES VILLA LIMITED PARTNERSHIP, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00037-BAM<br><br>ORDER GRANTING IN PART PLAINTIFF CHARLES QUICK'S MOTION TO COMPEL DISCOVERY RESPONSES FROM ALL DEFENDANTS, AND FOR SANCTIONS<br><br>(Doc. 50) |

### I.    INTRODUCTION

Plaintiff Charles Quick moves to compel Defendants Centres Villa Limited Partnership, Centres Clovis Aldi, Ltd., Simon-Oakley Town Center, LLC, and Blue Whale Capital LLC to respond to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production of Documents.[1] (Doc. 50.) Plaintiff also seeks expenses, including attorneys' fees, for having to file the motion to compel. (Doc. 50-1 at 2, 4.) Defendants Centres Villa Limited Partnership and Centres Clovis Aldi, Ltd (collectively "Centres") filed an opposition to the motion on November 26, 2025. (Doc. 52.) Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC failed to respond to the motion. The Court found the motion suitable for decision without oral argument, vacated the hearing set for December 5, 2025, and the matter is deemed submitted.

---

[1] Plaintiff filed a withdrawal of the motion as to Defendant Wal-Mart Realty Company on December 4, 2025, along with a notice of settlement as to Defendant Wal-Mart Realty Company. (*See* Docs. 54, 55.)

(Doc. 53.) Having considered the parties' briefs and record in this action, Plaintiff's motion to compel and for sanctions will be granted in part.

## II. RELEVANT BACKGROUND

Plaintiff initiated this action against Defendants Centres, Simon-Oakley Town Center, LLC, Blue Whale Capital LLC, and Wal-Mart Realty Company on January 9, 2025. (Doc. 1.) Plaintiff alleges violations of the Americans with Disabilities Act of 1990 and related state law for the failure to remove barriers to access at the Sunflower Marketplace shopping center in Clovis, California. (Doc. 35.)

On October 14, 2025, Plaintiff electronically served all defendants with a Second Set of Interrogatories and Second Set of Requests for Production of Documents. (Doc. 51, Amended Declaration of Tanya E. Moore ("Amended Moore Decl.") ¶¶ 2-3, Exs. A, B.) The requests seek information and documents relevant to the claims and defenses in this action. (Amended Moore Decl. ¶ 4.) Defendants did not respond to the requests.

On November 19, 2025, when Plaintiff did not receive responses, Plaintiff's counsel's office emailed defense counsel inquiring as to the outstanding discovery responses, advising that Plaintiff was preparing a motion to compel, and stating Plaintiff's position that all objections had been waived due to untimeliness. (Amended Moore Decl. ¶ 5.)

Between November 19 and November 20, 2025, Plaintiff's counsel met and conferred telephonically with counsel for each defendant. Plaintiff's counsel advised that if full and complete responses were not received by the end of the business day on November 20, then Plaintiff would have to file a motion to compel due to the impending discovery deadlines and upcoming noticed depositions. Further meet and confer took place by email. (Amended Moore Decl. ¶ 6.)

On November 20, 2025, Plaintiff filed the instant motion to compel and for sanctions pursuant to Local Rule 251(e). (Doc. 50.) Plaintiff requests that the Court order defendants to serve full and complete responses, without objection, to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production of Documents. (Doc. 50-1 at 2.) Plaintiff also seeks monetary sanctions against defendants for their failure to comply with the Federal Rules of Civil

2

1  Procedure, which necessitated the instant motion. (*Id.*) As of November 21, 2025, no responses
2  to the discovery at issue had been received. (*Id.* ¶ 7.)

3  On November 26, 2025, Centres filed their opposition to the motion. (Doc. 52.) In
4  support of their opposition, Centres' counsel declares that due to an unusually heavy caseload, he
5  did not see the October 14, 2025 email and was unaware of the second set of requests until
6  receiving subsequent communications from Plaintiff's counsel. (Doc. 52-1; Declaration of
7  Steven R. Stoker ("Stoker Decl.") ¶ 2.) Centres' counsel further declares that on November 19,
8  2025, he received an email from Plaintiff's counsel inquiring about outstanding discovery
9  requests. Because Centres' counsel had not realized that a second set of discovery requests had
10 been served, counsel believed the inquiry pertained to the first set of discovery. Centres' counsel
11 knew that he had served responses to the first set of discovery. Since the email was sent to all
12 counsel, Centres' counsel thought it was meant for others and not him. (*Id.* ¶ 3.) Centres'
13 counsel also declares that on November 20, 2025, Plaintiff's counsel telephoned to meet and
14 confer about the lack of responses. Centres' counsel advised Plaintiff's counsel that he did not
15 know what she was talking about, but that he would look into it immediately. Upon further
16 inquiry, Centres' counsel determined that verifications for the responses to the first set of
17 discovery had not been provided and immediately took steps to correct that. Later that same day,
18 without further efforts to meet and confer, Plaintiff's counsel filed the motion to compel. (*Id.* ¶
19 4.) Upon conducting a more thorough review, Centres' counsel discovered the October 14, 2025
20 email pertaining to service of Plaintiff's second set of discovery requests. Centres' counsel has
21 since been working diligently to correct the oversight and indicates that he will serve responses to
22 the second set of discovery requests on Plaintiff's counsel. (*Id.* ¶ 5.) Centres' counsel requests
23 that the Court decline to impose sanctions while Centres' responses are being completed and
24 served. (Doc. 52 at 2.)

25 No other oppositions or responses to the instant motion to compel were filed, and Plaintiff
26 did not reply to Centres' opposition. L.R. 251(e).
27 ///
28 ///

3

### III. LEGAL STANDARD

"Broad discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted). Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* However, the Court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party may propound written interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents, electronically stored information or tangible things. Fed. R. Civ. P. 34(a)(1). The party to whom the request is directed must respond in writing within 30 days after service. Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

If a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents under Rule 34, then the party seeking discovery may move for an order compelling answers or production. Fed. R. Civ. P. 37(a)(3)(B).

## IV.     DISCUSSION

### A.     Interrogatories and Requests for Production

Plaintiff electronically served his Second Set of Interrogatories and Second Set of Requests for Production, on October 14, 2025. Defendants failed to timely respond. Plaintiff therefore requests an order compelling defendants to immediately serve full and complete responses, without objection, to each of the interrogatories and requests for production. (Doc. 50-1.)

Without any apparent justification, Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC have failed to provide responses to Plaintiff's second set of written interrogatories and second set of requests for production of documents. Further, these defendants have failed to respond to the motion to compel. Accordingly, the Court finds that Plaintiff is entitled to written responses and production of documents, without objection, to Plaintiff's second set of interrogatories and requests for production propounded on Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC.

However, based on the representations of Centres' counsel, it appears that the failure to respond was inadvertent and that Centres are in the process of complying with Plaintiff's second set of written discovery requests. Accordingly, to the extent Centres has not yet served its responses, it shall do so within fourteen (14) days of the date of this order.

### B.     Request for Expenses

Plaintiff seeks an award of monetary sanctions due to defendants' failure to respond and provide discovery responses. If a court grants a motion to compel, then the court also must order the party "whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As discussed above, it appears to the Court that Centres' failure to respond to Plaintiff's

second set of written discovery requests was due to inadvertence, and not willful, and that Centres are in the process of complying with Plaintiff's second set of written discovery requests following meet and confer discussions. The Court therefore finds that these circumstances make the award of expenses unjust.

However, as to the remaining defendants, the Court finds that awarding reasonable expenses is mandatory as there is no evidence that Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC's failure to respond to Plaintiff's second set of written discovery requests was substantially justified or that other circumstances make an award of expenses unjust. This is particularly true in the absence of any response from these defendants to the motion to compel. The Court therefore finds that Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC's are required to pay Plaintiff's expenses under Rule 37(a)(5).

District courts have broad discretion in determining the reasonableness of the fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the "lodestar" method to determine what constitutes reasonable attorneys' fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the district court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Id.* Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citation omitted).

Plaintiff seeks $1,579.50 for the expenses incurred. (Doc. 50-1 at 4-5.) Counsel declares that she spent 4.0 hours on efforts to obtain defendants' discovery responses, including 3.5 hours on meet and confer efforts and 0.5 hours reviewing the motion and supporting documents, at a requested hourly rate of $300.00. (Amended Moore Decl. ¶¶ 8-9.) Counsel further declares that her paralegal, Whitney Law, spent 3.3 hours on meet and confer efforts and preparing the motion to compel at a requested hourly rate of $115.00. (*Id.* ¶¶ 10-11.) The Court finds that Plaintiff is entitled to "the reasonable expenses incurred in making the motion, including attorney's fees," which, by counsel's own declaration, is limited to 0.5 hours of attorney time and 3.3 hours of paralegal time. Rule 37(a)(5)(A) provides for recovery of the "expenses incurred in making the motion," not meet and confer expenses. Consistent with other courts in this district, the Court

also finds that the hourly attorney and paralegal rates requested here are reasonable. *See Trujillo v. Singh,* No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017); *accord e.g., Trujillo v. GH Food Mart, Inc.*, No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020). The Court therefore will order Defendants to pay Plaintiff's reasonable expenses in the amount of $529.50 (0.5 x $300 + 3.3 x $115) within seven (7) days from the date of this order.

### V.   CONCLUSION AND ORDER

Based on the above, it is HEREBY ORDERED as follows:

1. Plaintiff's Motion to Compel, Doc. 50, is GRANTED in part.
2. Within **seven (7) days** from the date of service of this order, Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC shall provide written responses and produce documents without objection to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production.
3. Within **fourteen (14) days** from the date of service of this order, Defendants Centres Villa Limited Partnership and Centres Clovis Aldi, Ltd, if they have not already done so, shall provide written responses and produce documents in response to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production.
4. Within **seven (7) days** from the date of service of this order, Defendants Simon-Oakley Town Center LLC and Blue Whale Capital LLC, joint and severally, shall pay Plaintiff's expenses in the amount of $529.50.

IT IS SO ORDERED.

Dated:   **December 11, 2025**        /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE